IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BRIAN KEITH THOMAS,<br><br>   Plaintiff,<br><br>v.<br><br>INFOMART, INC.,<br><br>   Defendant. | Case No.: 1:25-cv-12611-MGL<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

Brian Keith Thomas ("Plaintiff" or "Mr. Thomas") by and through his counsel brings the following Complaint against Infomart, Inc. ("Defendant" or "Infomart") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, arising out of an employment background check report that Defendant published to Plaintiff's potential employers, which falsely portrayed Plaintiff as a convicted felon.

## **INTRODUCTION**

1. This is an individual action for damages, costs, and attorney's fees brought against Defendant pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

2. Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports generated from its database and furnishes these consumer reports to employers who use the reports to make decisions regarding whether to offer employment to certain consumers.

3. Defendant falsely reported to Plaintiff's prospective employer that Plaintiff was convicted of multiple felonies and misdemeanors. Defendant's reporting is grossly inaccurate and untrue.

1

4. Plaintiff has no criminal record.

5. Plaintiff's prospective employer denied Plaintiff's job application after receiving an employment background check report from Defendant, which included the inaccurate misdemeanor and felony convictions, which do not belong to Plaintiff.

6. Defendant's inaccurate reporting could have easily been avoided had Defendant reviewed the widely available public court records from Randolph County, North Carolina regarding the felony and misdemeanor convictions prior to publishing Plaintiff's report to his prospective employer.

7. Had Defendant performed even a cursory review of the public court records, it would have discovered that the criminal records belong to a different consumer who is wholly distinguishable from Plaintiff by their suffix, the last four Social security Number digits, and the fact that the other individual resides in a different state than Plaintiff.

8. Defendant does not employ reasonable procedures to assure the maximum possible accuracy of the information it reports regarding consumers. Defendant's failure to employ reasonable procedures resulted in Plaintiff's report being grossly inaccurate.

9. Defendant committed these violations pursuant to its standard policies and practices, which harm innocent consumers seeking employment by prejudicing their prospective employers with inaccurate criminal record information.

10. Defendant's inaccurate report cost Plaintiff a good paying job and job security.

11. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct his background check report; the expenditure of labor and effort

disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

12. As a result of Defendant's conduct, action, and inaction, Plaintiff brings claims against Defendant for failing to follow reasonable procedures to assure maximum possible accuracy based on 15 U.S.C. § 1681e(b) of the FCRA.

## PARTIES

13. Brian Keith Thomas ("Plaintiff" or "Mr. Thomas") is a natural person residing in North Augusta, South Carolina, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

14. Defendant Infomart, Inc ("Defendant" or "Infomart") is a Georgia corporation doing business throughout the United States, including the State of South Carolina and in this District, and has a principal place of business located at 1582 Terrell Mill Rd SE, Marietta, GA 30067.

15. Among other things, Defendant sells background checks to employers for their use in deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote. These reports are provided in connection with a business transaction initiated by the employer.

16. Defendant is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for employment purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## STATUTORY BACKGROUND

19. Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

20. While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

21. Congress, concerned about inaccuracies in consumer reports, specifically required consumer reporting agencies to follow "reasonable procedures to assure maximum possible accuracy" in consumer reports. 15 U.S.C. § 1681e(b).

22. Consumer reports that contain factually incorrect information which does not belong to the consumer at issue are neither maximally accurate nor fair to the consumers who are the subjects of such reports.

## THE FCRA'S PROTECTIONS FOR JOB APPLICANTS

23. Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, it also regulates employment background check reports like the one Defendant prepared in Plaintiff's name.

24. The FCRA provides a number of protections for job applicants who are the subject of background checks for purposes of securing employment, housing, and other purposes.

25. In the parlance of the FCRA, background checks are "consumer reports," and providers of background checks, like Defendant, are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d) and (f).

26. The FCRA imposes duties on consumer reporting agencies to assure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

27. Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

28. Defendant disregarded its duties under the FCRA with respect to Plaintiff's background check report.

**DEFENDANT'S ILLEGAL BUSINESS PRACTICES**

29. Over the past 15 years, there has been increased collection and aggregation of consumer data, including criminal records and sex offender registration data. As a result of the increasing availability of this data, there has been a boom in the background check industry.

30. As summarized in a recent report by the Consumer Financial Protection Bureau[1], a 2018 survey of employers found that 95 percent of employers surveyed conducted one or more types of background screening. CFPB Report at 4.

31. The criminal background check industry takes in revenues in excess of three billion dollars, annually.

32. Criminal background checks are generally created by running automated searches through giant databases of aggregated criminal record data. The reports are created and disseminated with little to no manual, in-person review, and the court records are rarely directly reviewed in creating criminal background checks.

33. Background check companies, like Defendant, collect millions of criminal records from a number of sources with data from county, state, and federal level sources. The data included on the reports is often not obtained directly from court records on an individual basis but instead is purchased in bulk or scraped from court websites.

34. Given that Defendant is in the business of selling background checks, Defendant should be well aware of the FCRA and the attendant harm to consumers for reporting inaccurate or outdated information.

35. Defendant places its business interests above the rights of consumers and reports such inaccurate information because it is cheaper for Defendant to produce reports containing information that is inaccurate and incomplete than it is for Defendant to exert proper quality control over the reports prior to their being provided to Defendant's customers.

---

[1] CFPB, Market Snapshot: Background Screening Reports (Oct. 2019), https://files.consumerfinance.gov/f/documents/201909_cfpb_market-snapshot-background-screening_report.pdf ("CFPB Report").

36. Defendant reports such erroneous and incomplete information because it wants to maximize the automation of its report creation process, thereby saving the costs associated with conducting the additional review necessary to remove the inaccurate or out-of-date entries.

37. Defendant charges its customers the same price for reports that are grossly inaccurate, as it does for accurate reports.

38. Appropriate quality control review of Plaintiff's report would have made clear that Defendant was reporting misdemeanor and felony convictions that belong to an unrelated consumer who has a different suffix, Social Security Number, and lives in a different state than Plaintiff.

39. As a provider of background check reports, Defendant should be aware of the FCRA requirements and is a member of the Professional Background Screening Association ("PBSA"). PBSA hosts a conference at least once a year where presenters discuss compliance with federal and state consumer reporting laws.

## FACTS

### Plaintiff Applies for a Job Through the Staffing Services of Randstad

40. On or about February 15, 2024, Plaintiff applied for employment through the staffing services of Randstad.

41. As part of the application for staffing services Randstad requires applicants to pass a background check.

### Defendant Published an Inaccurate Background Check Report to Randstad

42. Randstad contracted with Defendant to conduct background checks, including criminal background checks, on its prospective employees.

43. On or about February 15, 2024, Randstad ordered a criminal background check on Plaintiff from Defendant.

44. On or about February 15, 2024, in accordance with its standard procedures, Defendant completed its consumer report about Plaintiff and sold the same to Randstad.

45. Within that consumer report, Defendant published inaccurate information about Plaintiff.

46. Specifically, Defendant's consumer report about Plaintiff included **fourteen (14)** grossly inaccurate and stigmatizing misdemeanor and felony convictions from Randolph County, North Carolina, which appeared in the consumer report as follows:

| | |
|---|---|
| 21CR 054236 | Misdemeanor conviction for RESISTING PUBLIC OFFICE |
| 18CR 052830 | Misdemeanor conviction for RESISTING PUBLIC OFFICE |
| 17CRS053363 | Felony conviction for BREAKING AND/OR ENTERING |
| | Two Felony Probation violations |
| 17CRS054581 | Felony conviction for BREAKING AND/OR ENTERING |
| | Felony BREAK OR ENTER MOTOR VEHICLE |
| | Two Felony Probation violations |
| 17CRS052461 | Misdemeanor conviction for BREAKING OR ENTERING |
| | Misdemeanor conviction for LARCENY |
| 17CR 701704 | Misdemeanor conviction for driving while license is revoked after impaired revocation |
| | Misdemeanor probation violation |
| 16CR 712470 | Misdemeanor conviction for driving while license is revoked not impaired |

8

Charge: Resisting Public Officer
    This is classified as a Misdemeanor.

Disposition: Guilty
Disposition date: 01/19/2022
Sentenced to a Confinement term of 43 days. Credit given for time served was 43 days. Payment ordered of $663.00 in court costs.

Address: ▮▮▮▮▮▮▮▮ ASHEBORO NC 27205

Case number: 18CR 052830
Case date: 06/14/2018

Name on File: Thomas, Brian Keith Jr
DOB on File: 06/16/XXXX

Charge: Resisting Public Officer
    This is classified as a Misdemeanor.

Disposition: Guilty
Disposition date: 09/04/2018
Sentenced to a Confinement term of 78 days. Credit given for time served was 78 days. Payment ordered of $1010.00 in court costs.

Address: ▮▮▮▮▮▮▮▮ ASHEBORO NC 27205

Case number: 17CRS053363
Case date: 07/13/2017

Name on File: Thomas, Brian Keith Jr
DOB on File: 06/16/XXXX

Charge 1: Breaking and/or Entering
    This is classified as a Felony.

Disposition: Guilty
Disposition date: 03/15/2018
Sentenced to probation for 30 months. Credit given for time served was 190 days. Payment ordered of $1600.00 in restitution and $2932.50 in court costs.

Subject sentenced to confinement for no less than 16 Months and no more than 29 Months.

Address: ▮▮▮▮▮▮▮▮ ASHEBORO NC 27205

Charge 2: Felony Probation Violation
    This is classified as a Felony.

Disposition: Continue Under Original Order of Probation or Parole
Disposition date: 08/02/2018
Payment ordered of $627.60 in court costs.

Charge 3: Felony Probation Violation
    This is classified as a Felony.

Disposition: Probation Revoked
Disposition date: 09/03/2019

No further sentencing information on file.

Case number: 17CRS054581
Case date: 07/11/2017

9

```
2/29/24, 9:14 PM              prism.us.randstad.com/psc/FOPROD_2/view/%7bV2%7d0j.o9GoJNrNw6L4ABDGIV9HV1S.GmkzsgDkbfHn_6MNCi.hfjqSQojd

    Name on File: Thomas, Brian Keith Jr
    DOB on File: 06/16/XXXX

    Charge 1: Breaking and/or Entering
             This is classified as a Felony.
    Charge 2: Break or Enter a Motor Vehicle
             This is classified as a Felony.

    Disposition: Guilty
    Disposition date: 03/15/2018
    Sentenced to probation for 30 months.  Payment ordered of $372.50 in
    court costs.

    Subject sentenced to confinement for no less than 16 Months and no
    more than 29 Months.

    Address: ███████████ ASHEBORO NC 27205

    Charge 3: Felony Probation Violation
             This is classified as a Felony.

    Disposition: Continue Under Original Order of Probation or Parole
    Disposition date: 08/02/2018
    Payment ordered of $627.60 in court costs.


    Charge 4: Felony Probation Violation
             This is classified as a Felony.

    Disposition: Probation Revoked
    Disposition date: 09/03/2019

    No further sentencing information on file.

Case number: 17CRS052461
   Case date: 05/29/2017

    Name on File: Thomas, Brian Keith Jr
    DOB on File: 06/16/XXXX

    Charge 1: Breaking or Entering
             This is classified as a Misdemeanor.
    Charge 2: Larceny
             This is classified as a Misdemeanor.

    Disposition: Guilty
    Disposition date: 03/15/2018

    CONSOLIDATED FOR JUDGEMENT FILE NUMBER: 17CRS053363 51

    Address: ███████████ ASHEBORO NC 27205

Case number: 17CR 701704
   Case date: 02/08/2017

    Name on File: Thomas, Brian Keith Jr
    DOB on File: 06/16/XXXX

    Charge 1: Driving While License Revoked after Impaired Revocation
             Notice
             This is classified as a Misdemeanor.

    Disposition: Guilty
```



47. NONE of the criminal convictions reported by Defendant about Plaintiff to Randstad belong to Plaintiff.

48. Plaintiff has no criminal record.

49. A cursory review of the widely available public court records confirms that the records belong to an unrelated male, Brian Keith Thomas Jr. ("Convicted Felon Thomas").

50. Had Defendant actually consulted or obtained the widely available public court records regarding the convictions, it would have seen obvious discrepancies between Convicted Felon Thomas and Plaintiff.

51. The discrepancies that should have caused Defendant to realize Plaintiff is not the same person as Convicted Felon Thomas include the following:

11

    (a)    Plaintiff's legal name is "Brian Keith Thomas" **(no suffix)** and the criminal records belong to a "Brian Keith Thomas **Jr.**," which is both clearly indicated on the face of the consumer report and in the widely available public records from Randolph County, North Carolina;

    (b)    Plaintiff has **never** resided in North Carolina, which is confirmed and clearly indicated on the face of the subject consumer report, yet the public court records regarding the criminal convictions indicate that Convicted Felon Thomas resided in Asheboro, North Carolina at the time he committed the offenses; and,

    (c)    Plaintiff's Social Security number, which was provided to Defendant is contained on the face of the subject consumer report, which is entirely different than that of Convicted Felon Thomas (the last four digits of which or listed in the public criminal records).

52.    The sole reason the inaccurate criminal records were reported as belonging to Plaintiff was that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the consumer report it sold about Plaintiff to Plaintiff's prospective employer.

53.    Had Defendant followed reasonable procedures, it would have discovered that the inaccurate, stigmatizing criminal convictions belong to an unrelated individual with a different suffix, a different Social Security Number, and who resides in a different state than Plaintiff.

54.    In preparing and selling a consumer report about Plaintiff, wherein Defendant published to Plaintiff's prospective employer inaccurate information about Plaintiff, Defendant

failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

## Randstad Denies Plaintiff's Job Application

55. On or about February 29, 2024, Plaintiff was notified by Randstad that his employment application was denied as a direct result of the misdemeanor and felony convictions reported by Defendant.

56. Along with the denial letter, Randstad provided Plaintiff a copy of the subject consumer report and he was shocked and humiliated upon reviewing and realizing that the serious criminal convictions of another, namely Convicted Felon Thomas, were published in the consumer report Defendant sold about Plaintiff to Randstad.

57. Plaintiff was very panicked, confused, and concerned about the impact of Convicted Felon Thomas' serious criminal convictions reported on the subject consumer report – specifically, the impact of the same on her future.

58. To clear his name, Plaintiff paid $25 for a certified background check which included North Carolina. The report established that Plaintiff did not have any criminal records.

59. Specifically, Defendant matched Plaintiff and Convicted Felon Thomas and published the criminal records of Convicted Felon Thomas onto the consumer report about Plaintiff and sold that report to Plaintiff's prospective employer. This exculpatory public record information was widely available to Defendant prior to publishing Plaintiff's consumer report to Community Medical Services, but Defendant failed to perform even a cursory review of such information.

60. Plaintiff reasonably believes that due to Defendant's inaccurate reporting, Randstad formed a negative opinion about Plaintiff and/or moved on to other candidates.

61. Defendant's false report listing fourteen (14) felony and misdemeanor convictions which do not belong to Plaintiff cost Plaintiff promising, employment opportunities with Randstad.

62. Plaintiff was excited about the opportunity to find work through Randstad's staffing services. He had been looking for work that would meet his financial needs and allow him to make progress in his career and felt that the services of Randstad would have been a good start to those goals.

63. Due to Defendant's unreasonable procedures in the first place and despite Plaintiff's continued efforts to seek employment, Plaintiff was underemployed for over a year, from February 2024 to July 2025.

64. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to address. Under common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

65. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

**CLAIMS FOR RELIEF**
**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

66. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

67. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

68. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

69. At all times pertinent hereto, the above-mentioned consumer report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

70. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

71. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

72. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

73. Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i. Determining that Defendant negligently and/or willfully violated the FCRA;

ii. Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii. Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv. Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 17th day of September 2025.

*/s/ Dawn McCraw*
Dawn McCraw (Fed. ID No. 13710)
Consumer Justice Law Firm PLC
8095 N 85th Way
Scottsdale, AZ 85258
T: (602) 807-1527
F: (480) 613-7733
E: dmccraw@consumerjustice.com

*Attorneys for Plaintiff*
*Brian Keith Thomas*